IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Quintana, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 2145 |
| | ) | |
| Afni, Inc., an Illinois limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Anthony Quintana, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Anthony Quintana ("Quintana"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed to T-Mobile for cellular phone services.

4. Defendant, Afni, Inc., is an Illinois corporation that, from its headquarters in Bloomington, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Afni was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Afni is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Afni conducts business in Illinois.

6. Moreover, Defendant Afni is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Afni acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. On January 25, 2011, Mr. Quintana and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Quintana, N.D. Ill. Bankr. No. 11-02775. Among the debts listed on Schedule F of Mr. Quintana's bankruptcy petition was the debt he allegedly owed to T-Mobile for cellular phone services, and both T-Mobile and Defendant Afni were listed on the petition as to that debt. See, excerpt of bankruptcy petition, attached as Exhibit C.

8. On January 28, 2011, Defendant Afni was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit D.

9. Nonetheless, Defendant Afni sent a collection letter, dated February 19,

2011, directly to Mr. Quintana, demanding payment of the T-Mobile debt he had owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

10. All of Defendant Afni's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant Afni's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) prohibits a debt collector from communicating with a

consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

18. Defendant Afni was given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly sending Mr. Quintana the February 19, 2011 collection letter (Exhibit E), despite notice that he was represented by bankruptcy counsel in connection with the T-Mobile debt, Defendant violated § 1692c(a)(2) of the FDCPA.

19. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anthony Quintana, prays that this Court:

1. Find that Defendant Afni's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Quintana, and against Defendant Afni, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anthony Quintana, demands trial by jury.

Anthony Quintana,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 29, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com